## CIRCUIT COURT OF FAIRFAX COUNTY

Drema M. McCoy

v.

George Mason University

November 29, 1993

Case No. (Law) 126773

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on Petitioner's appeal of the George Mason University Domicile Appeal Committee's denial of her petition for reclassification to in-state status for reduction in school tuition for the Fall 1993 semester. After hearing oral argument, the Court took this matter under advisement. The Court has now had the opportunity to review the authorities submitted during argument. While the substantive basis for denial seems well-grounded, the decision of the Appeal Committee must be remanded for procedural deficiencies as set forth more fully below.

Virginia Code § 23.7-4(H) requires that "No person who serves at one level of this appeals process shall be eligible to serve at any other level of this review." It appears, however, that Girard Mulherin participated in the intermediate and final levels of review of McCoy's petition for reclassification. McCoy submitted her petition for reclassification on July 6, 1993. The Domicile Appeal Committee notified her by letter dated July 12, 1993, that her request had been denied. She appealed this initial denial on July 22, and was informed by letter dated August 10, 1993, of the Appeal Committee's continued denial of reclassification. She appealed again and was informed by letter dated August 24, 1993, of the committee's continued denial.

The administrative record submitted by the University reflects that a memorandum in connection with the intermediate stage of review, dated July 28, 1993, was signed by Girard Mulherin. *See* Administra-

tive Record, Tab 4. The administrative record at Tab 7 contains notes signed by Girard Mulherin and dated August 20, 1993. The notes are dated during the time frame of the final administrative review of McCoy's request, and would appear to indicate that Mulherin participated in the final stage of review. Assuming that the memorandum at the intermediate stage and notes during the final stage indicate Mulherin's participation on both appeal committees, it appears that he participated in more than one stage of review. Pursuant to Virginia Code § 23.7–4(H) the function of the Circuit Court shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, to be supported by substantial evidence and not to be arbitrary, capricious or otherwise contrary to law. While it appears reasonable for the committee to have reached its conclusion based on the record presented, it also appears that the hearing process violated the procedural requirements of the Code. The Appeals Committee decision is therefore "otherwise contrary to law" and should be remanded.

In light of the foregoing, the decision of the George Mason University Domicile Appeal Committee is remanded for further hearing based on the procedural requirements of Virginia Code § 23.7–4(H).